UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SARAH MORRIS, ) <br> ) <br> Defendant. ) <br> ) | No. 6:25-cr-3-REW-HAI-1 <br><br> ORDER |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 48 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Sarah Morris's guilty plea and adjudge her guilty of Count One of the Indictment (DE 1). *See* DE 49 (Recommendation); *see also* DE 46 (Plea Agreement). Judge Ingram expressly informed Morris of her right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 49 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 49, **ACCEPTS** Morris's guilty plea, and **ADJUDGES** Morris guilty of Count One of the Indictment.

2. Per an audit of the rearraignment hearing, and review of the Plea Agreement, the Court provisionally **FINDS** that the property identified in the Indictment's forfeiture allegations, DE 1 at 2–3 (currency, firearms, and ammunition), is forfeitable, to the extent Defendant has any interest. The Court preliminarily **ADJUDGES** Defendant's interest in such property, if any, **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture, and reflect any administrative forfeiture that is concluded, at that time. *See id.* at (b)(4)(B). The parties indicated to Judge Ingram that they were not aware of specific property at issue, relative to Morris, but given the Plea Agreement and the listing of property in the forfeiture provision, the Court does enter the preliminary order. Any party may object or seek other relief in advance of sentencing, where the Court will clarify the record with party input.

3. The Court will issue a separate sentencing order.[1]

This the 30th day of June, 2025.

---

[1] At the hearing, Judge Ingram remanded Morris to custody. *See* DE 48. This was her status pretrial. *See* DE 16. Absent an intervening order, Morris will remain in custody pending sentencing.



Signed By:
*Robert E. Wier*
**United States District Judge**